# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NYLON CORPORATION OF AMERICA, INC. and WEMBLY ENTERPRISES, LLC.,<br><br>Defendants. | Case No. 1:22-cv-00111-LM |

**DEFENDANT WEMBLY ENTERPRISES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

LEGAL STANDARD ................................................................................................................... 3

LEGAL ARGUMENT ................................................................................................................... 3

    I.    WEMBLY DOES NOT HAVE A NPDES PERMIT AND THE COMPLAINT FAILS TO STATE A CLAIM AGAINST WEMBLY FOR ALLEGED CLEAN WATER ACT VIOLATIONS .................................................................................................... 3

    II.    THE COMPLAINT FAILS TO STATE A CLAIM TO SUPPORT PIERCING THE CORPORATE VIEL AGAINST A PARENT CORPORATION FOR NYCOA'S ALLEGED PERMIT VIOLATIONS .................................................................................................... 6

        A.    Plaintiff's Complaint Fails to Plead Lack of Corporate Independence ..................................................................................... 7

        B.    Plaintiff's Complaint Fails to Plead Fraudulent Intent ............................... 8

        C.    Plaintiff's Complaint Fails to Plead that Parent Corporation Control and Breach of Duty Proximately Caused the Alleged Permit Violations ........................................................................... 8

CONCLUSION .............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................................3

*Assateague Coastkeeper v. Alan and Kristin Hudson Farm*,
    727 F. Supp. 2d 433 (D. Md. 2010).......................................................................................4, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................................3

*Citizens Coal Council v. Emerald Coal Resources*,
    2013 WL 3989075 (W.D. Pa. 2013)..........................................................................................7

*Conductron Corp. v. Williams*,
    785 F. Supp. 271 (D.N.H. 1991)................................................................................................5

*Foley v. Wells Fargo Bank, N.A.*,
    772 F.3d 63 (1st Cir. 2014)........................................................................................................3

*Gautschi v. Auto Body Disc. Ctr., Inc.*,
    139 N.H. 457 (1995)..................................................................................................................6

*Glassman v. Computervision Corp.*,
    90 F.3d 617 (1st Cir. 1996)........................................................................................................3

*InterGen N.V. v. Grina*,
    344 F.3d 134 (1st Cir. 2003)......................................................................................................7

*U.S. Public Interest Research Group v. Atlantic Salmon of Maine, LLC*,
    261 F. Supp 2d 17 (D. Me. 2003) .........................................................................................6, 8

*U.S. v. Avatar Holdings, Inc.*,
    1995 WL 871260 (M.D. Fla. 1995) (order clarified on different grounds in
    *U.S. v. Avatar Holdings, Inc.,* 1996 WL 580427 (M.D. Fla. 1996)) ..........................................4

*U.S. v. Bestfoods*,
    524 U.S. 51 (1998).....................................................................................................................6

**Statutes**

33 U.S.C. § 1319(d) .....................................................................................................................3, 4

# TABLE OF AUTHORITIES

**Page**

33 U.S.C. § 1365..................................................................................................................3

**Other Authorities**

F.R.C.P. 9(B) ......................................................................................................................8

F.R.C.P. 8(a)(2)...................................................................................................................3

F.R.C.P. 12(b)(6) ................................................................................................................3

Local Rule 7.1.1..................................................................................................................4

## **PRELIMINARY STATEMENT**

On April 4, 2022, Plaintiff Conservation Law Foundation, Inc. ("Plaintiff") filed the instant citizen suit under the Clean Water Act seeking relief for alleged effluent discharges and permit violations by Defendants Nylon Corporation of America, Inc. ("NYCOA") and Wembly Enterprises, LLC ("Wembly," and collectively with NYCOA, "Defendants"). *See* Declaration of Michael K. Plumb, dated September 23, 2022, ("Plumb Declaration"), Exhibit A. The Complaint alleges that Defendants collectively violated wastewater and stormwater permits issued solely to NYCOA pursuant to the National Pollutant Discharge Elimination System ("NPDES") and New Hampshire's State Certification requirements.

Plaintiff's Complaint against Wembly must be dismissed. The NPDES permits which are the subject of this litigation were issued solely to NYCOA, not Wembly. Wembly is not even the parent corporation of NYCOA. *See* Plumb Declaration, Exhibit G. Furthermore, even if Plaintiff named the correct entity, which it did not, the parent relationship by itself does not impute liability under the Clean Water Act for alleged violations of NYCOA's NPDES permits.

Plaintiff's Complaint, in addition to insinuating that the permits were issued to both defendant entities, wholly fails to allege sufficient facts, which even if true, could set forth a legally cognizable claim against Wembly as either directly liable for the alleged permit violations or under a corporate veil-piercing theory.

## BACKGROUND

Plaintiff's Complaint involves alleged permit violations beginning on or about March 2017 at a facility operated by NYCOA at 333 Sundial Avenue, Manchester, New Hampshire (the "Facility"). Accordingly, the NPDES permits referred to in Plaintiff's Complaint are (i) 2008 and 2019 NPDES individual cooling water permits No. NH0000116; and (ii) 2015 and 2021 Multi-Sector General Permits for Stormwater Discharges Associated with Industrial Activity (collectively, the "NPDES Permits"). *See* Plumb Declaration, Exhibits C & D.

For all of the NPDES Permits, NYCOA is the only entity listed as the permittee. *See* Plumb Declaration, Exhibits C & D. However, Plaintiff's Complaint collectively refers to Defendants as "Nylon" or "Defendants" thereby wrongfully insinuating that the permits were issued to both entities. *See* Plumb Declaration, Exhibit A, ¶ 1.

Plaintiff's Complaint makes only a handful of allegations involving Wembly separately from NYCOA. Those allegations state that Wembly is "a parent company of NYCOA," that "Wembly has control over its subsidiary NYCOA," and Wembly has owned or operated the Facility since 1994. *See* Plumb Declaration, Exhibit A, ¶¶ 24-33.  Each of CLF's assertions is false.

Wembly is not NYCOA's parent company (*see* Plumb Declaration, ¶ 13, Exhibit G). Wembly does not own or operate the Facility and Plaintiff does not have a good faith basis for those allegations. Regardless, Plaintiff's conclusory allegations of corporate ownership and control, even if they were true, fail to state a cognizable claim against Wembly.

2

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* FED. R. CIV. P. 8(a)(2). While a court must accept as true all factual allegations in the plaintiff's complaint and view them in the light most favorable to the plaintiff, *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71, 75 (1st Cir. 2014), a court is not required to accept a complaint's bald assertions or legal conclusions. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996). A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *See e.g.*, *Foley,* 772 F.3d at 71. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## LEGAL ARGUMENT

I. **WEMBLY DOES NOT HAVE A NPDES PERMIT AND THE COMPLAINT FAILS TO STATE A CLAIM AGAINST WEMBLY FOR ALLEGED CLEAN WATER ACT VIOLATIONS**

Plaintiff alleges that permitted releases of cooling water and stormwater at the NYCOA facility slightly exceeded NYCOA's NPDES permit criteria. Plaintiff invokes the Clean Water Act citizen suit provisions at 33 U.S.C. § 1365 to enforce those permit conditions. Such enforcement applies to "any person who violates" conditions in a NPDES permit. 33 U.S.C. § 1319(d).

3

Wembly does not have a NPDES permit, and Plaintiff has not specifically alleged that Wembly has a NPDES permit. The Complaint only alleges violations of NYCOA's NPDES permits. Plaintiff's conclusory allegations that Wembly is an "owner" or "operator" of the Facility are not only incorrect but also insufficient to establish a claim under 33 U.S.C. § 1319(d). Rather, Plaintiff must plead sufficient facts, which if true, set forth a cognizable claim that Wembly directly caused the alleged permit violations.

Plaintiff has not identified and named NYCOA's parent company. However, even if Plaintiff had identified the correct parent company (as set forth in the accompanying Local Rule 7.1.1 disclosure, Plumb Declaration, Exhibit G) the Complaint would not state a claim against the parent. Simply alleging that an entity is a parent corporation is not sufficient to state a claim arising from an alleged violation of a NPDES permit. For example, in *U.S. v. Avatar Holdings, Inc.*, 1995 WL 871260, at *12-14 (M.D. Fla. 1995) (order clarified on different grounds in *U.S. v. Avatar Holdings, Inc.,* 1996 WL 580427 (M.D. Fla. 1996)), the Court held that maintaining a Clean Water Act claim against a parent corporation requires that the parent corporation "actively directed or caused the alleged Clean Water Act violations." *See* Plumb Declaration, Exhibit E. No such allegations are set forth in the Complaint.

Critically, "the mere fact of being a parent exercising control over a violating subsidiary does not properly subject the parent company to liability." *Id.* at *14. Rather, to be liable the parent must take actions such as directing or causing the violations or exercising actual and pervasive control of the subsidiary to the extent of actually being involved in the daily operations of the subsidiary. *Id.* Thus, for example, in *Assateague Coastkeeper v. Alan and Kristin Hudson Farm*, 727 F. Supp. 2d 433, 443 (D. Md. 2010), the court denied a motion to dismiss filed by a defendant parent corporation only after finding that the plaintiff had alleged non-conclusory facts

4

relating to the violations. That case involved allegations of NPDES violations at a concentrated chicken feeding facility. The plaintiff alleged that the parent corporation owned the chickens, provided all of the feed, fuel, litter, medications, vaccinations and other supplies necessary to grow the chickens, dictated the type of buildings, equipment, and other facilities used in the operation, and made periodic site visits to ensure compliance with its dictates. *See Assateague Coastkeeper v. Alan and Kristin Hudson Farm*, 727 F. Supp. 2d 433, 443 (D. Md. 2010); *see also Conductron Corp. v. Williams*, 785 F. Supp. 271, 274 (D.N.H. 1991) (United States District Court for the District of New Hampshire commenting that, in the context of hazardous waste violations, courts have uniformly held that liability may extend to corporate officers "who assert managerial responsibility and control over the disposal of hazardous waste.").

CLF has failed to plead any analogous facts regarding Wembly, its relation to the challenged permits, or the subject facility in the Complaint. CLF has failed to allege any concrete facts whatsoever demonstrating that Wembly had the requisite level of management or control necessary for CLF to sustain its claims.

Simply, Plaintiff's Complaint fails to assert any specific allegations which, if taken as true, would set forth a cognizable claim against Wembly. There are no allegations that Wembly was directly involved in or directly controlled discharges, manufacturing processes, or environmental regulatory matters at the Facility to be responsible for discharges and violations of NPDES permits. Plaintiff has failed to set forth a plausible claim that Wembly would be liable as a person violating the conditions of the NPDES permits. Accordingly, Plaintiff's claims against Wembly should be dismissed.

## II. THE COMPLAINT FAILS TO STATE A CLAIM TO SUPPORT PIERCING THE CORPORATE VIEL AGAINST A PARENT CORPORATION FOR NYCOA'S ALLEGED PERMIT VIOLATIONS

Allowing Plaintiff's Complaint to proceed against NYCOA's parent corporation would disturb the established legal doctrine of general independence of a parent corporation from its subsidiary. Specifically, "[i]t is a general principal of corporate law deeply engrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotations and citations omitted). Furthermore, "it is hornbook law that the exercise of the control which stock ownership gives to the stockholders will not create liability beyond the assets of the subsidiary [and] [t]hat control includes the election of directors, the making of by-laws, and the doing of all other acts incident to the legal status of stockholders. Nor will a duplication of some or all of the directors or executive officers be fatal." *Id*. at 61-62. However, a parent corporation may be held liable for the acts of the subsidiary, i.e., "piercing the corporate veil," if "the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the parent company's behalf." *Id*. at 62; *see also U.S. Public Interest Research Group v. Atlantic Salmon of Maine, LLC*, 261 F. Supp 2d 17, 25 (D. Me. 2003) (setting forth burden of proof in context of federal Clean Water Act suits); *Gautschi v. Auto Body Disc. Ctr., Inc.*, 139 N.H. 457, 462 (1995) (New Hampshire Supreme Court setting forth State standard and rejecting claims against individual where the record was "devoid of any evidence to permit piercing the corporate veil.").

Specifically, a plaintiff in a Clean Water Act claim attempting to "pierce the corporate veil" against a parent corporation for a subsidiary's act must allege: (i) lack of corporate independence; (ii) fraudulent intent; and (iii) manifest injustice. *See U.S. Public Interest Research Group* 261 F. Supp 2d at 25.

### A. Plaintiff's Complaint Fails to Plead Lack of Corporate Independence

The test for demonstrating lack of corporate independence requires clear and convincing evidence of the following:

> Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practices in respect to the transaction attacked so that the corporate entity as to this transaction at the time [had] no separate mind, will or existence of its own[.]

*Id.* (internal citations and quotations omitted).

Examples of the types of conditions which could infer a lack of corporate independence of a subsidiary include (1) whether a corporation is operated as a separate entity; (2) commingling of funds and other assets; (3) failure to maintain adequate records or minutes; (4) the nature of the corporation's ownership and control; (5) absence of corporate assets and undercapitalization; (6) use of a corporation as a mere shell, instrumentality or conduit of an individual or another corporation; (7) disregard of legal formalities and the failure to maintain an arms-length relationship among related entities; and (8) diversion of the corporation's funds or assets to noncorporate uses. *See e.g.*, *InterGen N.V. v. Grina*, 344 F.3d 134, 149 (1st Cir. 2003); *see also Citizens Coal Council v. Emerald Coal Resources*, 2013 WL 3989075 at *3-4 and n. 7 (W.D. Pa. 2013) (plaintiff able to surmount motion to dismiss by alleging "extensive . . . factual allegations and documentation regarding the apparently overlapping roles of employees" between the subsidiary and parent corporation "who have signed and/or been listed" on "permit application submittals and correspondence," including decisions by individuals sporting their "parent" hat in making decisions as opposed to the "subsidiary"). Plumb Declaration, Exhibit F.

Plaintiff's Complaint fails to allege any facts that would make a plausible claim against NYCOA's parent corporation for alleged pervasive corporate control over NYCOA with respect to the alleged permit violations. The Complaint only alleges generally that Wembly is NYCOA's

parent company and has "control" over NYCOA. *See* Plumb Declaration, <u>Exhibit A</u>, ¶¶ 26, 27. Plaintiff does not allege any non-conclusory facts relating to corporate control. As such, Plaintiff's Complaint fails to point to any facts, which if deemed true, would demonstrate that at the time of the alleged permit violations the defendant entities were so intertwined that NYCOA lacked any "separate mind, will or existence of its own." *U.S. Public Interest Research Group* 261 F. Supp 2d at 25.

### B. Plaintiff's Complaint Fails to Plead Fraudulent Intent

In addition to Plaintiff's failure to plead lack of corporate independence, Plaintiff's Complaint does not allege that NYCOA's parent corporation exerted pervasive control over NYCOA, or that such activities were undertaken for the purpose of "commit[ing] [a] fraud or wrong, [or] to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights." *Atlantic Salmon, supra,* at 26.[1]

### C. Plaintiff's Complaint Fails to Plead that Parent Corporation Control and Breach of Duty Proximately Caused the Alleged Permit Violations

Finally, Plaintiff fails to allege pervasive control over NYCOA by Wembly, fraudulent purposes in such control, or that such proximate control resulted in the alleged permit violations. *Atlantic Salmon, supra,* at 26. Rather, Plaintiff's Complaint alleges slight exceedances of cooling water and stormwater permit conditions. Plaintiff's Complaint is devoid of allegations that the parent corporation's ownership of NYCOA involved control regarding compliance with NPDES permits, and that such control was asserted with fraudulent intent resulting in Plaintiff's alleged injuries. Accordingly, Plaintiff has failed to allege any of the facts that could result in parent corporation liability.

---

[1] Furthermore, allegations of fraud require particularity of the circumstances constituting such fraud. Fed. R. Civ. P. 9(B).

8

## **CONCLUSION**

Plaintiff's Complaint does not allege facts sufficient to state a claim against Wembly and must be dismissed pursuant to F.R.C.P. 12(b)(6). Plaintiff's conclusory allegations that Wembly owned NYCOA, controlled NYCOA, and owned/operated the Facility are devoid of allegations of fact, and even if true (Wembly does not own or operate the Facility) would fail to establish a cause of action against Wembly for the alleged NPDES permit violations at the Facility.

Respectfully submitted,

McLANE MIDDLETON,
PROFESSIONAL ASSOCIATION

Date: September 23, 2022

By: */s/ Viggo C. Fish*
Mark C. Rouvalis, NH Bar No. 6565
Viggo C. Fish, NH Bar No. 267579
900 Elm Street, P.O. Box 326
Manchester, NH 03105-0326
Telephone (603) 625-6464
mark.rouvalis@mclane.com
viggo.fish@mclane.com
Attorneys for Defendants (local counsel)

CHIESA SHAHINIAN & GIANTOMASI, P.C.

Date: September 23, 2022

By: */s/ Michael K. Plumb*
Michael K. Plumb, NJ Bar No. 003622011
Dennis M. Toft, NJ Bar No. 019071982
Rafael Corbalan, NJ Bar No. 162912015
One Boland Drive,
West Orange, NJ 07052
Telephone: (973) 325-1500
mplumb@csglaw.com
rcorbalan@csglaw.com
Attorneys for Defendants (*pro hac vice* admissions pending)

## **CERTIFICATE OF SERVICE**

  I certify that on September 23, 2022 I served the foregoing Memorandum of Law in Support of Motion to Dismiss through ECF on all counsel of record in this case.

           /s/ *Viggo C. Fish*
           Viggo C. Fish